CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

SEP 24 2021

JULIA C. DUDLEY, CLERK
BY: /s/ C. Surber
DEPUTY CLERK

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| United States of America | ) |
| v. | ) |
| ANTHONY P. ARRINDELL | ) Case No. 1:21mj119 |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __August 17, 2021__ in the county of __Smyth__ in the __Western__ District of __Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a)(1) and (b)(1)(C) | Possession of a controlled substance with intent to distribute |
| 21 USC 846 | Conspiracy to possess a controlled substance with intent to distribute |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Zachary A.W. King, Task Force Office, FBI
*Printed name and title*

Sworn to before me ~~and signed in my presence~~ telephonically.

Date: 9/23/21

*Judge's signature*

City and state: Abingdon, VA

Pamela Meade Sargent, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE ARREST OF: | ) ) ) ) ) | **UNDER SEAL**<br><br>Case No. _____ |
| ANTHONY P. ARRINDELL | | |

## AFFIDAVIT IN SUPPORT OF ARREST WARRANT

I, Zachary A. W. King, a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI), having been duly sworn, depose and state as follows:

## INTRODUCTION

1. This affidavit is submitted in support of an application to obtain an arrest warrant for ANTHONY P. ARRINDELL (ARRINDELL), who resides in Marion, Virginia. Based on my training and experience, my own investigation of this matter, information that I have learned from other law enforcement officers, and communication with a confidential human source (CHS), I submit that there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Possession of a Controlled Substance in Schedule I or II with Intent to Distribute) and 21 U.S.C. § 846 (Conspiracy to Possess a Controlled Substance in Schedule I or II with Intent to Distribute) have been committed by ARRINDELL.

1

2. I have not included all facts known by law enforcement concerning this investigation. I have only set forth facts necessary to establish probable cause to believe that ARRINDELL committed the offenses listed above.

## AGENT BACKGROUND

3. I am a TFO with the FBI and have been so employed since July 2021. I am currently assigned to the Richmond Division, Bristol Resident Agency of the FBI, and am responsible for investigating controlled substance violations involving the trafficking and subsequent distribution of those substances. I am also a Narcotics Investigator for the Smyth County Sheriff's Office, and I have received specialized training in investigations involving the trafficking of controlled substances and the proceeds from the sale of controlled substances. I have also received training on the identification and interdiction of controlled substances. I have been with the Smyth County Sheriff's Office since August of 2016, and I have been an Investigator for approximately the last two years. Before I started working in civilian law enforcement, I worked for six years as a military police officer in the United States Air Force. I was honorably discharged from the Air Force in December 2013.

## APPLICABLE LAW

4. Section 841(a)(1) of Title 21 makes it unlawful to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

5. Section 846 of Title 21 provides: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

## INVESTIGATION AND PROBABLE CAUSE

6. On or about June 8, 2021, I engaged the U.S. Postal Inspection Service (USPIS) and the FBI for support in connection with an ongoing investigation of illegal pill distribution and fatal and non-fatal overdoses in Smyth County. The overdoses were suspected to result from the distribution of counterfeit "pressed" pills that contained fentanyl, some of which were being shipped through the U.S. mail. Law enforcement identified multiple people who appeared to be engaged in the distribution of such pills.

7. As part of that investigation, in June 2021, law enforcement seized approximately 5,000 illegal pills bearing a resemblance to 30 milligram Oxycodone-hydrochloride pills, i.e. Roxicodone. The pills were small, round, and light blue, and they had an imprint of the letter "M" on one side and "30" on the

3

other side. Based on open-source drug references, this appearance is similar to a pharmaceutical preparation of Oxycodone-hydrochloride pills. These pills are sometimes referred to as "M30s." However, the seized pills were inconsistent in size, shape, and color, as compared to pills of a pharmaceutical grade. Based on my training and experience, these inconsistencies are indicative of counterfeit "pressed" pills that contain fentanyl, rather than pharmaceutical grade Oxycodone-hydrochloride pills. Fentanyl is a Schedule II controlled substance.

8. These pills were subsequently sent to the USPIS forensic lab for analysis, and the analysis concluded that the pills contained the drug fentanyl. Also in July 2021, law enforcement executed a search warrant in Southern California on a suspected source of supply for those counterfeit pills. The search led to the discovery of approximately 30,000 more pills, which had the same inconsistent appearance and the same markings as those seized by law enforcement in Virginia.

9. On or about June 14, 2021, your affiant was notified by investigating law enforcement of the United States Postal Service Office of Inspector General (USPS-OIG), that U.S. Priority Mail parcel "9505 5268 7436 1160 1564 60" (Parcel 1) was en route through the U.S. mail stream from a suspected source of supply for counterfeit Oxycodone-hydrochloride pills in Southern California to "Isaiah Johnson" at 1905 Marion Manor Drive E5, Marion, Virginia 24354, and

was suspected to contain narcotics. Subsequently, USPS-OIG interdicted Parcel 1 at the Wytheville, Virginia Post Office. USPS-OIG also determined that there was no "Isaiah Johnson" associated with the destination address in Marion.

10. On June 17, 2021, USPS-OIG received and executed a federal search warrant on Parcel 1. Upon execution of the warrant, USPS-OIG found Parcel 1 to contain approximately 116 grams of round, blue pills, that were marked with an "M" and a "30." USPS-OIG conducted an open-source drug reference search of the pill's characteristics, and found them to resemble a pharmaceutical preparation of Oxycodone-hydrochloride 30 milligram pills, i.e. Roxicodone. Subsequent to the search warrant, the pills discovered in Parcel 1 were seized by law enforcement of the USPS-OIG and sent to the USPIS forensic lab for analysis. The result of the analysis is pending.

11. On July 21, 2021, your affiant was contacted by investigating law enforcement of the USPS-OIG, who had identified parcel "EJ 713 508 665 US" (Parcel 2) during routine parcel interdiction. Subsequently, USPS-OIG intercepted Parcel 2 from the U.S. mail stream at the Roanoke, Virginia Processing and Distribution Center. USPS-OIG further indicated that the parcel had a return address of 721 Ivory Lane, Pomona, California 91768 and a delivery address of "Patty Russel" at 1908 Marion Manor Drive, Marion, Virginia 24354. "Patty

Russel" was unable to be associated as a current resident with the destination address in Marion. Marion is in the Western District of Virginia.

12. On July 23, 2021, law enforcement of the USPS-OIG received and executed a federal search warrant on Parcel 2. Upon executing the search warrant, the above listed law enforcement found the parcel to contain approximately 189 grams of counterfeit Oxycodone-hydrochloride pills that are suspected to contain fentanyl. The pills discovered in Parcel 2 were seized by law enforcement of the USPS-OIG and sent to the USPS forensic lab for analysis. The result of the analysis is pending.

13. On August 16, 2021, investigating law enforcement of the USPS-OIG contacted your affiant in reference to a third parcel. USPS-OIG identified parcel "9505 5161 9729 1226 6646 31" (Parcel 3) during routine parcel interdiction. Subsequently, USPIS law enforcement intercepted Parcel 3 on the same date at the Roanoke, Virginia Processing and Distribution Center. Parcel 3 was labeled with a return address of 721 Ivory Lane, Pomona, California 91768, and a delivery address of 1905 Marion Manor Drive E5, Marion, Virginia 24354. USPS-OIG noted that the Parcel 2, which was found to contain counterfeit Oxycodone-hydrochloride pills that are suspected to contain fentanyl, had the same return address as Parcel 3.

14. On August 17, 2021, law enforcement of the USPS-OIG transported Parcel 3 to the Marion, Virginia Post Office, and conducted an "Arrival at Unit" scan and an "Available for Pickup" scan. On the same day, a postal carrier was instructed by USPS-OIG to place a notice on the door of 1905 Marion Manor Drive E5, notifying the occupant that Parcel 3 was available for pickup at the Marion, Virginia Post Office. Investigating law enforcement officers of the Smyth County Sheriff's Office, USPIS, FBI, and USPS-OIG maintained surveillance of the 1905 Marion Manor Drive residence, the Marion, Virginia Post Office, and Parcel 3.

15. On August 17, 2021, approximately three and a half hours after Parcel 3 was scanned "Available for Pickup," your affiant along with other surveilling law enforcement observed a male exit a gold sedan in the Marion, Virginia Post Office parking lot. Shortly after the male entered the Marion Post Office, USPS-OIG notified your affiant that a male postal customer had brought the parcel pickup notice for Parcel 3 to the Post Office's retail counter. Subsequently, at the direction of law enforcement, the USPS clerk delivered Parcel 3 to the male customer. Shortly after, your affiant and other investigating law enforcement entered the Marion, Virginia Post Office and met the customer at the main entrance, and identified themselves as law enforcement. Parcel 3 was in the

7

possession of the customer, and he agreed to speak with investigating law enforcement.

16. In speaking with law enforcement, the customer identified himself as ARRINDELL. Your affiant, along with other law enforcement explained the investigation to ARRINDELL and asked for consent to open Parcel 3. ARRINDELL provided consent to law enforcement to open the aforementioned parcel. Parcel 3 was found to contain approximately 22.7 grams of round, blue pills, marked as M30 pills. The pills are consistent in appearance with counterfeit 30 milligram Oxycodone-hydrochloride pills that are suspected to contain fentanyl.

17. Based on your affiant's training and experience involving drug investigations, the quantity of illegal narcotics received by ARRINDELL in this matter is not consistent with personal use, but with that of an individual involved in the sale and distribution of illegal narcotics. It is common practice for drug traffickers to receive bulk amounts of contraband in shipments for later distribution, as in this case. A drug user, as contrasted with a drug distributor, normally receives illegal narcotics in smaller quantities as needed for personal use.

18. Your affiant advised ARRINDELL of his constitutional rights per *Miranda*. After doing so, ARRINDELL advised your affiant and investigating law enforcement that he understood these rights, and agreed to speak with law enforcement without an attorney present. During the subsequent interview,

8

ARRINDELL stated that he resides at 1905 Marion Manor Drive Apartment E5, Marion, Virginia 24354. ARRINDELL further stated that he paid "a guy" $300 through PayPal for the suspected counterfeit Oxycodone-hydrochloride pills discovered in Parcel 3. Law enforcement asked if ARRINDELL also ordered the pills contained Parcel 2. ARRINDELL replied that Parcel 2 was supposed to be another small bag of "M30" pills, however "the guy" mailed Parcel 2 to the wrong address, that being 1908 Marion Manor Drive, Marion, Virginia 24354.

19. Your affiant then asked for consent to search ARRINDELL's backpack, to which ARRINDELL consented. As a result of the search, your affiant discovered one round blue pill marked as an M30, and one white oval pill marked "M365." In addition to the two pills, law enforcement also located approximately $1,590.00, in U.S. currency that was folded and held together with a rubber band.

20. During the interview, Arrindell claimed that he had not sold the M30 pills before and did not know how much to sell them for. Arrindell stated he was going to go on the street and just try to sell the pills.

21. Based on the foregoing information, I respectfully request that the Court issue an arrest warrant authorizing the arrest of ARRINDELL for violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Possession of a Controlled Substance in

9

Schedule I or II with Intent to Distribute) and 21 U.S.C. § 846 (Conspiracy to Possess a Controlled Substance in Schedule I or II with Intent to Distribute).

Respectfully submitted,

Zachary A. W. King
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to telephonically this __23rd__ day of September, 2021.

Pamela Meade Sargent
United States Magistrate Judge

Reviewed by: Whitney D. Pierce, Assistant U.S. Attorney